# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05 CR 268

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BRIAN ALLEN RICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a motion entitled, "Motion for Bond Reconsideration" filed by the defendant on March 8, 2006. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Claire J. Rauscher, Federal Community Defender, and that the government was represented through Assistant United States Attorney, Corey Ellis. At the call of this matter on for hearing the undersigned inquired of the defendant's counsel as to what were the circumstances that had changed that warranted a reconsideration of a previous order entered by the undersigned detaining the defendant. The undersigned noted that in paragraph 3 of the defendant's motion that the defendant's counsel had stated that she would, "note the circumstances on the record after the plea hearing". Ms. Rauscher then advised the court that there were two factual basis for the defendant's motion, that being:

(1) That the defendant had now provided information to the United States Probation Office regarding his mental health and substance abuse which showed that he had at one time been a user of controlled substances but that he had, for a period from January 2005 until the present time, not used such substances; and

(2) That the defendant had debriefing and conversations with Special Agent David Booth and that the defendant had agreed to assist Agent Booth in regard to his investigations.

From the evidence offered by the defendant through proffer and by the government through introduction of an exhibit and from arguments of counsel for the defendant and the Assistant United States Attorney, the undersigned makes the following findings.

**Findings**. On January 6, 2006 at detention hearing was held before the undersigned. At that time, after hearing evidence from the government and from the defendant, the undersigned entered an order detaining the defendant. A written order containing the findings of the undersigned regarding that hearing was filed on January 10, 2006 and which is incorporated herein by reference as if fully set forth herein.

At the time of the filing of the defendant's motion the undersigned informed Ms. Rauscher as attorney for the defendant that at the time of the hearing of the "Motion for Bond Reconsideration" the undersigned would apply the factors as set forth under 18 U.S.C. § 3142(g) due to the fact that the defendant had filed his "Motion for Bond Reconsideration" before the entry of his plea of guilty.

The defendant's counsel offered, by way of proffer, the testimony from the hearing which was held on January 6, 2006. In regard to the second change of circumstances, the government, through Mr. Ellis, advised the court that the defendant had cooperated with the investigating officer and that it was the position of the investigating officer that he did not object to the release of the defendant on terms and conditions of pretrial release. Ms. Rauscher advised the court, through proffer, that the defendant had two custodians, Ms. Massey who testified at the previous hearing and his sister, Ms. Fox, who also testified at the previous hearing. Both Ms. Massey and Ms. Fox were fit and suitable persons to assist the court in regard to supervision of the defendant. Ms. Rauscher

advised that the defendant's mother was present and was willing to sign a secured bond.

In response, the government introduced into evidence as government's exhibit "1" a copy of what appears to be a judgment from the Superior Court of Gilmer County, Georgia dated November 13, 2002 showing that on that date the defendant had entered a plea of guilty to communicating terrorist threats, possession of a firearm during the commission of a crime, possession of less than 1 oz. of marijuana, and possession of methamphetamine. The charges that were dismissed were kidnaping, and battery. In the judgment, the defendant was ordered to serve a serve a seven year period of probation and was further ordered to have no contact, direct or indirectly with Marcella Gunter. The defendant was further "banished from the Appalachian Judicial Circuit and Transfer case to Home State of North Carolina". The government made argument in the proffer that the defendant had been found guilty of assault inflicting serious injury in July 2005 in Madison County, North Carolina and that act, along with the Georgia convictions, indicated that the defendant was a danger to other persons or the community.

The defendant, on the other hand, contended that the assault in Madison County arose out of the defendant being involved in an altercation with a fellow inmate at the Madison County Jail who was taking the defendant's property.

Upon inquiry, the undersigned was advised that the girlfriend that was referenced in the court's previous order was Ms. Cutshall and not the female referenced in the judgment introduced as government's exhibit "1", that being Marcella Gunter.

**Discussion**. **FACTORS CONSIDERED**

**18 U.S.C. § 3142:**
**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

3

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The court does not find that the changed circumstances as alleged and proffered by the defendant constitute a sufficient change of circumstances whereby the undersigned should allow the defendant to be released on terms and conditions of pretrial release and as a result, the defendant's "Motion for Bond Reconsideration" will be and hereby is **DENIED**. The undersigned will again review the factors as set forth under 18 U.S.C. § 3142(g) regarding the release of the defendant.

As to factor:

(g)(1) The nature and circumstances of the offense charged do not involve a narcotic drug but the circumstances do at least show the potential for a crime of violence. In regard to the first count of the bill of indictment the authorities from the Town of Weaverville, North Carolina Police Department received a complaint from the Sonopress Manufacturing facility in Weaverville that the defendant was at the Sonopress facility on September 15, 2004 and was arguing with his girlfriend. When the police went to the Sonopress facility and found the defendant it was discovered that the defendant had a 25-caliber handgun in his possession. In regard to the circumstances contained in count two of the bill of indictment, the defendant was seen in Madison County, North Carolina by Jeff Neill, a Madison County Sheriff's Deputy. Deputy Neill knew that there was a warrant outstanding for the arrest of the defendant. Deputy Neill approached the defendant and told the defendant that he was under arrest. In securing the defendant's vehicle which was located nearby, Deputy Neill saw that there was a 20-gauge shotgun located in the vehicle.

(g)(2) The weight of the evidence against the person appears to be strong and significant.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has employment, financial resources, a length of residence in the Madison County community, and has strong community ties. In regard to the defendant's history relating to alcohol abuse, the defendant was convicted in 1997 of driving while impaired. The defendant has convictions for possession regarding a controlled substance, that being possession of methamphetamine in Georgia on November 13, 2002. The defendant's criminal history shows the following significant convictions:

| Place | Charge | Disposition |
|---|---|---|
| Madison Co. | Injury to personal property | 01/06/89 |
| Madison Co. | Reckless driving | 07/27/89 |
| Cherokee Co. | Reckless driving | 05/08/90 |
| Buncombe Co. | Driving while impaired | 05/08/97 |
| Madison Co. | Failure to disburse | 10/17/97 |
| Buncombe Co. | False report to police | 01/25/01 |
| Buncombe Co. | Carrying a concealed weapon | 10/10/02 |
| Madison Co. | 3 counts of worthless checks | 05/08/02 |
| Gilmore Co, GA | Possession of a firearm during a felony/ possession of methamphetamine | 11/13/02 |
| Madison Co. | Driving while license revoked | 12/04/03 |
| Madison Co. | Larceny by trick | 09/20/04 |
| Madison Co. | Driving while license revoked | 01/27/05 |
| Madison Co. | Assault inflicting serious injuries | 07/21/05 |

The defendant has pending charges in Buncombe County, North Carolina involving the alleged possession of a schedule II controlled substance, possession of drug paraphernalia and carrying a concealed weapon.

The defendant's history regarding court appearances shows that the defendant has failed to appear in regard to criminal charges that allegedly occurred on January 13, 2005, October 23, 2004, June 18, 2004 and May 9, 2004.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. This factor does exist. The defendant was placed on 7 years probation in regard to the charges from his plea of guilty to charges in the state of Georgia 2002. The defendant is still serving this probationary sentence. Further, the defendant was placed on 36 months supervised probation on September 20, 2004 regarding charges of larceny by trick in Madison County, North Carolina. The defendant had not completed this probation and was thus on supervised probation from two states when the offense alleged in count two of the bill of indictment occurred. Further, in regard to the crimes alleged in count two of the bill of indictment, the

defendant was on release in Buncombe County, North Carolina concerning charges of worthless check; carrying a concealed weapon; possession of drug paraphernalia; and possession of schedule II controlled substances.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that this factor does exist and its existence has been shown by clear and convincing evidence. In regard to the first count contained in the bill of indictment the evidence shows that the defendant traveled to the Sonopress Manufacturing facility in Weaverville, North Carolina and had an argument with his girlfriend, Ms. Cutshall. At that time authorities approached him and found that the defendant had a 25-caliber pistol in his possession. Recent history in Buncombe County, North Carolina has shown that several individuals have gone to either their former place of employment or the place of employment of a spouse or girlfriend and have committed murders or assaulted persons with firearms.

In regard to the charges contained in count two of the bill of indictment, the defendant had a loaded 20-gauge shotgun at a time when he was a convicted felon. The judgment from the state of Georgia, which was introduced as exhibit "G-1" shows that the defendant had been in an altercation with a Ms. Gunter who was the defendant's girlfriend. These entanglements with girlfriends which appear to the undersigned to be directly related to crimes of violence indicates a serious risk of danger to any other person or the community that would be posed by the defendant's release. Further, there must be weighed the fact that the defendant has been convicted of assault inflicting serious injuries on July 21, 2005 and that he has previously been convicted of carrying a concealed weapon on October 10, 2002. Considering these factors and weighing them and adding in the fact that the defendant has been convicted of possession of a firearm during a felony and possession of methamphetamine, it would appear that the defendant has a proclivity for violence, the use of dangerous narcotic drugs and having in his possession weapons and firearms.

Weighing the evidence that has been presented as compared to the changed circumstances leads the undersigned to find that the changed circumstances do not constitute a sufficient reason or cause for the undersigned to release the defendant on terms and conditions of pretrial release. As a result, the undersigned has determined to enter an order denying the "Motion for Bond Reconsideration" of the defendant and entering an order continuing to detain the defendant pending sentencing in regard to this matter.

Signed: March 31, 2006

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge